UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENCORE SELECT, INC.,

     Plaintiff,

v.                                                    CASE NO.: 8:14-cv-935-T-23TBM

THE GREAT ATLANTIC & PACIFIC
TEA COMPANY, INC.,

     Defendant.

_____/

## **ORDER**

     A Florida corporation with a principal place of business in Florida, the plaintiff alleges (Doc. 2) four claims.  A Maryland corporation with a principal place of business in New Jersey, the defendant moves (Doc. 4) to dismiss for lack of personal jurisdiction and for failure to join an indispensable party.

     "The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant."  *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002).  To establish personal jurisdiction, the complaint identifies a transaction between the defendant and the plaintiff in which the defendant ordered and received $130,502.40 worth of hats and shirts from the plaintiff.  However, "it is clear that the defendant['s] alleged failure to pay money owed under the contract in Florida is insufficient, by itself, to exercise [personal]

jurisdiction . . . ." *Yparrea v. Twin Cities Wholesale, Inc.*, 2010 WL 1994064 (N.D. Fla. May 17, 2010) (Vinson, J.).

Labeling the one contract with the plaintiff insufficient, the defendant moves to dismiss and submits an affidavit that declares that the defendant neither maintains an office in Florida; nor owns property in Florida; nor maintains a bank account in Florida; nor is registered to conduct business in Florida; nor operates a store in Florida; nor, other than through an on-line pharmacy, derives revenue from Florida.

The plaintiff's response to the defendant's motion cites no fact supporting jurisdiction.  Instead, the plaintiff's response offers general statements of jurisdiction, such as, "[T]he [d]efendant's business with the [p]laintiff . . . constitutes operating conducting, engaging in[,] and carrying on its business in the state of Florida." (Doc. 13 at 7)  Implicitly recognizing the deficiency, the plaintiff requests jurisdictional discovery but fails to identify the information that might aid in determining whether personal jurisdiction exists.  Jurisdictional discovery "is not a vehicle for a fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction." *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) (internal quotation marks omitted) (Pannell, J.).[1]  Like the plaintiff in *Atlantis*, the plaintiff in this action identifies no disputed fact;

---

[1] The parties discuss the defendant's sale of pharmaceuticals to Florida residents, which is pertinent only if the sale justifies general jurisdiction. However, any argument that the defendant's sale of pharmaceuticals in Florida is "so 'continuous and systematic' as to render the[ defendant] essentially at home in the forum" is implausible. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

the plaintiff "merely has a hunch that there may be facts – or a desire to find out if there are any facts – that justify the exercise of personal jurisdiction.  On this basis, the plaintiff has not shown it is entitled to jurisdictional discovery." *Atlantis*, 915 F. Supp. 2d at 1380.

Although no jurisdiction over the defendant exists, the defendant's motion (Doc. 4) to dismiss for lack of personal jurisdiction is **DENIED**.  "Rather than automatically dismissing a case for lack of personal jurisdiction . . . , the courts have discretion to transfer a case to a district that does have personal jurisdiction over the nonresident defendants." *Peterson v. HVM L.L.C.*, 2014 WL 688140 (N.D. Ga. Feb. 21, 2014) (Story, J.).  The plaintiff requests, if no personal jurisdiction exists, transfer to the District of New Jersey.  (Doc. 13 at 8)  The defendant is subject to personal jurisdiction in New Jersey because the defendant's principal place of business is in New Jersey, and the defendant offers no reason for dismissal rather than transfer. Accordingly, this action is **TRANSFERRED** to the Newark Division of the District of New Jersey.[2]

ORDERED in Tampa, Florida, on June 5, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Even if jurisdiction existed, this order would transfer this action under Section 1404 to the District of New Jersey.